UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

FILED

2017 FEB 16 PM 3:57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

EDWARD J. JABLONSKI, as times is **(EJ)** Case No;________________
*(to be filled in by the Clerk's Office)*

PLAINTIFF

-v- Jury Trial: X **YES.**

ATTORNEY JASON S. MAZER, FL BAR NO.0149871
ATTORNEY MEGHAN C. MOORE, FL BAR NO. 0668958
R. HUGH LUMPKIN, FL BAR NO. 171470
ATTORNEY BRENTON N. VER PLOEG, FL BAR NO. 308196
INDIVIDUAL & FIRM, VER PLOEG & LUMPKIN, P.A. et al, as times is **(VPL)**

2:17-cv-107-FtM-38CM

DEFENDANT

---

**COMPLAINT OF CIVIL CASE ALLEGING NEGLIGENCE, FRAUD, AND BRECH OF CONTRACT**
**VERIFY OF US DOC'S REC'D**
(28 U.S.C. § 1332; Diversity of Citizenship)

---

Attn. US District Jdg. Steele, Jdg. Polster Chapell, Jdg. Mirando, of past Yrs. hurt EJ to reads/writes Pl. to You'd & Def.'s

- Def. VPL Mazer Moore sells only Contingency Agreement starts 11/16/06 till signs 9/13/07 till 5/10/10 99% of only CA
-Attn.'s +Ver Ploeg & Lumpkin P.A. did lies Fraud Crimes Actions, of a Judge Wiseman disliked Mr. Mazer & Ms. Meghan.
-VPL + 6 lawsuits never talks truth, in Doc.'s to trial 80Yrs. Jdg. Of 3/2015 sent disc, of all +$126K to Jdg. say Jury void
-VPL+6 suits, did lies fraud acts of Sailboat at FMV $650K, ruins it. All 5 Attn.'s agrees 126K gave to Jdg. he talks to Jury
-R Learned 2008 Reports finds 2015 of fraud to Jury $126K costs vs Wit. Umpire $633K 2007, VPL hurts Wit. steals fees.
-VPL firm got $1,650M settles (3@$550 deduct Ins.) of TRV lost bad faith, only; & EJ had bad faith in 2005-2006 & EJ n/a that way, just boat fixed now. EJ met to St Paul MN 6/29/2007 agreed 100% $565, 8/07 TRV claims agrees $575 done
- Pl. EJ facts VPL never used **CA** to EJ/Fuller done, till 5/10/2010 gives EJ $326 to $316K, to VPL $1.334M is sign 10 day

Pl. EJ of 7 sentences of finds VPL Firm 5/2010 did steal fees. It is noted by EJ asks VPL of EJ wanted be in 2009 Trial. VPL firmly denied EJ. If Pl. EJ was in trial, sees of any lies frauds, crime actions, calls to EJ big lies, cheats Ins. bad adds against EJ, would be closed employee. EJ acts truth, background, experience, had stroke & EJ is smarter most of did in Trial

## I. The Parties to This Complaint A. The Plaintiff Individual

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Edward J Jablonski |
| Street Address | 2886 Coral Way |
| City and County | Punta Gorda, Charlotte County |
| State and Zip Code | Florida, 33950 |
| Tele & Fax same Number | 941-505 1155 |
| E-mail Address | edjablo@aol.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title. Attach additional pages if needed.

Defendant No. 1; Individual

| | |
|---|---|
| Name | Jason S. Mazer, Age 11/4/1972 |
| Job or Title | Attorney FL Bar No. 014449871, & now share of VPL Firm |
| Address | Miami Tower, 100 Southeast Second Street, 30th Floor |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-2158 |
| Tele, and Fax phones | Tele-305-577-3996; Fax-305-577-3558 |
| E-mail | jmazer@vpl-law |

Defendant No. 2; Individual

| | |
|---|---|
| Name | Meghan C. Moore, Age 07/25/1974 |
| Job or Title | Attorney FL Bar No. 0668958, & now shareholder of VPL Firm |
| Address | Miami Tower, 100 Southeast Second Street, 30th Floor |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-2158 |
| Tele, and Fax phones | Tele-305-577-3996; Fax-305-577-3558 |
| E-mail | mmoore@vpl-law.com |

Defendant No. 3; Individual

| | |
|---|---|
| Name | R. Hugh Lumpkin, Age 10/16/1955 |
| Job or Title | Attorney FL Bar No. 171470, & Firm Mgr. +shareholder of VPL |
| Address | Miami Tower, 100 Southeast Second Street, 30th Floor |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-2158 |
| Tele, and Fax phones | Tele-305-577-3996; Fax-305-577-3558 |
| E-mail | rlumpkin@vpl-law.com |

Defendant No. 4; Individual

| | |
|---|---|
| Name | Brenton N Ver Ploeg, Age 09/25/1945 |
| Job or Title | Attorney FL Bar No. 308196, began shareholder of VPL Firm |
| Address | Miami Tower, 100 Southeast Second Street, 30th Floor |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-2158 |
| Tele, and Fax phones | Tele-305-577-3996; Fax-305-577-3558 |
| E-mail | bverploeg@vpl-law.com |

Defendant No. 5; Company Business Attorney Firm, Involved

| | |
|---|---|
| Name | Ver Ploeg & Lumpkin, P.A. Firm (Professional Association) |
| Job or Title | Attorney Firm locate Miami, FL Ver Ploeg & Lumpkin P.A. |
| Address | Miami Tower, 100 Southeast Second Street, 30th Floor |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-2158 |
| Tele, and Fax phones | Tele-305-577-3996; Fax-305-577-3558 |
| E-mail | http://www.vpl-law.com |

**C. The Third-Party** Individuals + Firm by VPL Firm hired them 2011 agreed to save fees of any ways, and Plaintiff EJ is submits facts starts of hired 5/2011, Attn. J Perlow, asks & R. Critchlow, of lies Pl. EJ filed Compl. Def. VPL 4/24/2014, sent Doc.'s, Jdg. never read, & Critchlow did fraud acts.

Provide the information below for each third-party defendant named in the complaint, whether the third-party defendant is an individual, a government agency, an organization, or a corporation. For an individual third-party defendant, include the person's job or title Attach additional pages needed

Third-Party of Hired by Defendant VPL Firm did of 2011, to Agreements of Individual No. 1

| | |
|---|---|
| Name | Attn. Richard H. Critchlow, FL Bar No. 155227 |
| Street Address | 201 South Biscayne Boulevard, Suite 1100 |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-4327 |
| Telephone Number + Fax | Tele (305) 373-1000; Fax (305)-372-1861 |
| E-mail Address | rcritchlow@knpa.com |

Third-Party of Hired by Defendant VPL Firm did of 2011, to Agreements of Individual No. 2

| | |
|---|---|
| Name | Attn. Michael A. Ponzoli, FL Bar No. 0016202 |
| Street Address | 201 South Biscayne Boulevard, Suite 1100 |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-4327 |
| Telephone Number + Fax | Tele (305) 373-1000; Fax (305)-372-1861 |
| E-mail Address | mponzoli@knpa.com |

Third-Party Firm Hired by Defendant VPL Firm did of 2011, to Agreements of Co.'s Firm No. 3

| | |
|---|---|
| Name | Kenny Nachwalter P.A. |
| Street Address | 201 South Biscayne Boulevard, Suite 1100 |
| City and County | Miami, and Dade County |
| State and Zip Code | Florida, 33131-4327 |
| Telephone Number + Fax | Tele (305) 373-1000; Fax (305)-372-1861 |
| E-mail Address | N/A |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

**A. The Plaintiff(s)**

1. The plaintiff is an individual, The Plaintiff, Edward J. Jablonski, as of a citizen of the State of Florida, in Charlotte County.

**B. The Defendant(s)**

1. If the defendant's is an individual of Attorneys Mr. Jason S Mazer, Ms. Meghan C Moore, Mr. R. Hugh Lumpkin, and Mr. Brenton N. Ver Ploeg et al, is a Citizens of the State of Florida, in Dade Count, but used out sided FL Individual + Business Assists
2. If the Business' defendants is a corporation, The defendant, Ver Ploeg & Lumpkin P.A. et al, is incorporated under the laws of the State of Florida, Dade County, and has its principal place of Business Attorney Firm

**C. The Amount in Controversy**

The amount in controversy- the amount the plaintiff claims the defendant owes or the amount at states-is more than $75,000, not counting interest and costs of court, because,

**I. The Parties to this Complaint + II. Basis for Jurisdiction far did, but II C. Amount of Controversy adds Facts, of prior writes Statement of Claims,** Of Under 28 U.S.C. §1331, §1346, **by RULES Lee County/US**

-Pl. writes 9 sentence/paras of Page1 filed by No.'s; used (-) 1. headliner, 7 sentence Facts, & ends 1 para/sentences

1. Facts Pl. EJ CPA, not lies in life, +all 7 suits did lies fraud, most crimes, ruin EJ's life, n/a in Trial, use lies all
2. Pl. work 35 days, writes, rules, makes complaint, Attn.'s & VPL award, w/h Doc's to EJ/MF & crime steel fees
3. Pl. wants settles now of 7 lawsuits, so EJ hires Big Attn. Firm, to me avoid stroke death, and 11/29 find damaged
4. Pl. EJ writes New 5 acts finds, long Facts, & Judges not reads of bad writes, sentence long **5 actions** s/b finds,
5. **A; Pl. EJ Stroke** all 7 suits did lies, frauds, crime, against EJ's used Stroke 4/2003, NOT EJ allowed into Trial.
6. A-1; EJ had Seizure 10/14/16, Hosp. next day, 5.5Hrs order of bed till to Sch. Brain to 11/29/16 of 4.5Hrs of tests-meets brain MD's finds of reads, writes, aphasia damaged EJ, MD Van Loveren, upset of stroke, he best US
7. **B;** Pl. **Supports asks Reads/Scans US Doc.'s files Ex.** out speaks truth of Fraud all did in Trial + prior + after.
8. **C; EJ filed R Learned et al., just finds 10/2014 verified 2/2015,** finds, whom case Jury awards $126K Vs. Fair De Freitas Umpire $633K costs, EJ starts, of asks talks to all 2009 Trial, where did cost, to by all persons + 7 Suits denied truth asks. W/H Surveyor R. Learned never agates/exists to did, done, lies, frauds crime Reports, Deposition, into witness Trial, Attn.'s of never filed Trial to US Doc.'s filed life. EJ has Wit. s/b in Jail in past.
9. **Pl. C-1;** Of writes sentences Learned, & Travelers demands Famulari hiring's Learned is 100% Fraud Verified

**10. D; Pl. EJ of writes many sentences, of did to Jdg.'s ordered closed case, is wrong acts to for Travelers,** did Lies, frauds, crimes did worst bad faith to suits Travelers they lost suits did ruin, disallowed St. Paul Ins.

**11.E; Pl. file 10/11/16 US Court of Appeal Mistrial + Jury voids, 7 suits in Doc.349 +351 none truth of Trial**

12.Pl. talks weekly to US C.A. District Court, EJ nervous cases closed, but them to EJ, n/a for him uses 1Yr. filed

13. Pl. asks settles now, asks 3Jdg.'s reopen Cs Martin + Travelers +files save US Court Appeal DC is reopen Cs

14. Pl. asks 3 Judges names page 1 to reopen to Travelers Case, because TRV hired Schmahl and Learned loose

15. Pl. made US Appeal fact tabs + notes + Doc.'s is S/B in Complaint now, of n/a Para., but does sums adds Ex.

16. 2/7/17 Pl. file Comp Def. Attn.'s, Ver Ploeg & Lumpkin P.A. did crimes acts, buy 2014 Doc.'s + fact 2/2015

17. EJ+MF 3/2006 meets Attn. Marine Svc. knew Schmahl, Travelers did Bad Faith, deny St Paul Ins. cost, TRV just buys 4/2004, and steels agreed within, offers EJ hired them legal Svc, by EJ held them just to fixed his boat

18. Pl. settles VPL $1.65M today, of is only signs CA 9/13/07, 3time Ins. agreed, & 99% day maintain till 5/10/10,

19.Travelers nervous, is soon settles, talks EJ of past Investigator, of TRV got suits lost Pd. + $M's to above $B's.

20. Pl. is in 7 suits, did no truth to be Fraud, did to US Judge 80 age, of Supports/Witnesses/Documents' is Verified

21. Travelers starts 8/17/04 did ruin St Paul Ins. disallowed claims, hired fraud persons used done, ends to crimes

22. EJ had Stroke 4/03, used by Travelers hired Schmahl did lowest costs did fraud, crimes, is Wit. +Doc's rec'd.

23. EJ had Brain Seizure, 10/14/2016, results 11/29/16 is my MD Van Loveren is damage of reads, writes, aphasia

24 Of Defends & Ground Work, Civil of lawsuits, are Plaintiff(EJ) Filed 5/20/2015 against 6 Defendants +1today

25. Martin, Lonergan, & Firm Lee #15-CA-001332 changed US Case #2: 15-cv-00383.

26. Travelers Companies, Inc., Lee #15-CA-001309 changed US Case #2: 15-cv-00365

27. Attorneys Famulari, Anderson Firm, to Lee County, 20th Circuit Case #15-CA-001305.

28. Surveyor Schmahl & TMS Inc, to Lee County, 20th Circuit Case #15-CA-001306.

29. Attorneys Litsky, O'Brien & Firm to Lee County 20th Circuit Case #15-CA-001307.

30. Surveyor Learned, & Assoc. to Lee County 20th Circuit Case #15-CA-001310.

31. Pl. EJ. files Complaint against Def. Attn.'s Mazer, Moore, Ver Ploeg, Lumpkin & VPL Firm, gets US CASE;

32. Of against these 7 Def. lawsuits are all revealed, by EJ buys all #435 US Doc's rec'd Jan/Feb/2014 delay (EJ) to read 10/1/14 till 5/2015found Verified Complaints.

33. They all 7 defends did terrible, lying, illegal, fraud, actions, crime agreements, say reports, & talks to Judge, Jury, & (EJ) not in Trial, ruins him life, accuses, me lies etc. EJ wants Mazer EJ into Trial and denied me in Trial

34. EJ knows lawsuits again Travelers did fraud acts, ruin St Paul Ins. closed to 3000 employees

35. Pl. EJ got along nicely, friendly, of Underwriter Ben Gilbert disliked Travelers, they ruin St Paul Ins. clients

36. EJ talks nicely, friend, St Paul IUA B Gilbert upset TRV ruin my great boat & TRV closed future St Paul Ins

37. Mr. Gilbert talks to EJ from 2/1991 to 2/2008, he passed away 8/2008, upsets Underwriter St Paul help clients

38. Martin et al, of Rep Mr. Brian McCarthy, never himself asks Judges case closed per my phones with him

39. We got along nicely, fairness, knew disabled + Stroke. Mr. B. McCarthy quit works for S&P, Martin, Schmahl
40. In for EJ, he would help from speaks, to big Underwriter of McGriff, Seibels & Williams Ins. Inc. total dislikes TRV's, of them damaged losses to their underwriter firm, they did for St Paul, of so many multiple years of theirs did of the Clients, they of did wrong acts Ins coverages boats. Travelers used St Paul used fraud acts from truth.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

COUNT I
ACTION FOR BREACH OF CONTRACT

-Pl. repeats and re-alleges the general allegations set forth in 9 sentence/paras not used No. used(–)on Pg. 1 Filed

Pl. EJ repeats & re-alleges the general allegations set forth in Para. Numbers 1- 40 of this complaint.

Just note info short writes used initial 1st name and 2nd last name, like Mike Fuller is MF/Jason Mazer is JM

**1. A Valid Contract:**

1-41. Nov 16, 06 M. Fuller calls Firm to J. Mazer, asks if of Experience of Big Boats, by Ins. Co. of did Bad Faith

1-42.MF to JM, EJ know Travelers buy fraud costs 2004-6 rec'd, & 05-06 MF agrees, help EJ surgery's TRV did

1-43. After MF/JM 11/16/06 Tele, JM Firm's wants case, Contingency Agreement of Boats/Ins. with their service

1-44. MF, EJ, PM, had meets of 3/2006 to Attn. Firm, he says Travelers did bad faiths by denied St Paul allowed

1-45 EJ send facts, prior us of meets, he reads TRV hired Schmahl, illegal acts, & offer service hired, of EJ holds

1-46. EJ hired good Surveyor C. Stephens 3/2006, still today, of TRV hired did more 7 suits, fraud, acts ruin boat

1-47 M Fuller Rec'd calls, from J. Mazer, for them hired Firm does only Contingency Agreement sell Fuller's talks/sent of EJ had surgeries 2006, by TRV deny cash in 2Yrs, EJ works fixed, loved best boat/home lived 13Yrs.

1-48. MF talks to EJ, of JM of VPL Firm, wants hired me C. A. EJ deny it, of EJ hires VPL Firm Flat Fee $5,000, sign writes 2/23/07 to 3/5/07 facts. See in Exhibit A+A-1 in finds bad billed fees $2885.75 of 11/06 -2/07 of sells

1-49. EJ work 2006-2007 split laws Umpire hired $343K cost hurricane, N/A day 2007 costs of TRV did steel act

1-50 EJ works to Umpire wants his Marina fixed exact costs them finish boat before hurricane pictures asks Feb 07, disabled surgery's & they stated S/B $475-600K to fixed replace before.

1-51, EJ submits 5/2007 settles done today $565K minus $270K ='s left $295K done, and TRV officers denied.

1-52. EJ meets St Paul MN 6/29/07 of Facts to 100% $565K covers, + transfers to TRV covers 8/07 $575 settles.

1-53. EJ was very close settles, but Attorneys of VPL Firm N/A me settles, VPL firm takes over, they stated EJ is dumb of not signs hired VPL 40%/60% EJ of them get minimum 3 times $565K equals 1.7M to EJ of Ins Rules

1-54 Mar.-Sept. 2007 of (1-H.) EJ sign 3/5/07 & J. Mazer 3/14/07 sells of him lead Attn to TRV o/s Attn. Famulari

1-55 Feb to Sept 4th 07, wants settled to fix my boat asap loved his Sailboat, paid $900K, 3 of improved n/a money EJ works $, lived in home 13Yrs. pays $'s to Marina's n/a, EJ's knows to perfect. Pl. pd. $1.4M, Imp r/m Ins, etc.

1-56. Pl. had perfect beauties of Sailboat in Caribbean's, to Florida West, of EJ has supporters + witnesses within.

1-57. EJ rec'd 8/20/07 Umpire report costs fix boat Est. $464K to $589K n/a $220K EJ Pd. ends $684K to $809K

1-58. EJ works of settled, till 9/4/07, of VPL Firm of Attn.'s Jason Mazer, Meghan Moore, Actg. Kathleen Shaw talks 6-10 mos. to only CA agrees, of 9/4 asks to EJ signs & hires ONLY 100% Contingency Agreement is done.

1-59. On or about September 13, 2007, Pl./POA signed a contract with defendant herein that provided for of only "Contingency Fee Recovery" in a claim against St Paul Fire and Marine Insurance Co.? (see attached Exhibit A")

1-60. Said contingent fee agreement provided for a fee to defendant of forty percent if the matter was settled or tried after defendant filed an appearance.

1-61. The contract also provided that plaintiff was to know the exact amount that he would receive prior to making any decision on settlement.

1-62. Said contract stated that plaintiff was to be provided with the specific allocation of any proposed settlement prior to deciding whether to settle.

1-63. Plaintiff was to be provided, pursuant to the terms and conditions of said contract, an exact accounting of the finances with respect to the matter against St Paul Fire and Marine Insurance Company, including any costs and expenses paid either by himself or the defendant herein.

1-64. The matter subsequent came before the U. S. District Court the Middle District of Florida for a trial by jury.

1-65. A Third Amended Final Judgment was entered following said jury trial, a copy of which is attached hereto, and marked as "Exhibit B."

**2. A Breach of Contracts; to used ABBR. (BÖC OR BOC)**

2-66. Pl. EJ 1st Fact to his Attn.'s + VPL Firm did 100% of Fraud, Crime, deny EJ into Trial, of he stops acts did

2-67. Following said Jury Trial, the matter against St Paul Fire and Maine Ins. Co.?? N/A NAMED Travelers Co.'s Inc. whom Acts throughout claim denied St Paul Ins. within, was settled by way of a "Mutual Release and Settlement Agreement" N/A Named travelers used/signs. (See attached "Exhibit C") in the sum of $1,650,000.00.

2-68. Defendant breached its contractual agreement with plaintiff in charging more than the contractually agreed upon percentage of 40th percent when the matter was 'settled'.

2-69. Defendant further breached its contractual agreement with plaintiff in not providing an exact accounting of all finances to Plaintiff, including an exact allocation of any costs and expenses incurred by plaintiff and the defendant prior to this case reaching a conclusion.

2-70.(BOC), Facts, Pl. EJ, vs Def. Attn.'s +Firm only talks 99% days did only talks, writes of within C.A. 40/60%

2-71.(BOC), Facts Pl. EJ, vs Def. Attn.'s + Firm + W/H most all Files + Doc.'s never sends to MF POA or to EJ

2-72. (BOC), Facts, Def. Attn.'s + Firm did fraud/crimes to M Fuller POA disallow him into Trial, as VPL held him into trial, till Grandpa died him homes was placed last trial day 5 him witness 2Hrs. him to fly home last trial

2-73. (BOC), The Def. in all Trial, Attn.'s VPL Firm never saving boat, only care Bad Faith, EJ knew BF 3/2006.

2-74 Attn.'s of VPL did criminal actions to JAIL allowing, agreed speaking with 3 other def. to Judge used $126K

2-75. The contract drafted by defendant herein is violate of public policy and Florida Bar Contingency Fee Rule 4-1.15, which rule provides that any contingency fee in a settlement over one million dollars is limited to 30% of the amount received over one million dollars. Plaintiff will investigate US Bar Contingency Fee Rules for Info

**3. Damages**

3-76. Plaintiff EJ ask Damages of 3@ $565 ='s $1.695M, of only $316K rec'd since my legal fees are more $316

3-77. These amounts damages of $1.695M is the amounts is exactly what they stated under oath, yours verified, yours sold me the lowest amount, yours talked 99%, yours allowed Learned used $126K cost, yours never you told us Surveyor Learned got on my boat, all your attorneys re; Learned witness under oath never filed into US Document,

3-78. EJ Purchased Jan 2015 4.75 per page, rec'd 2/10/2015 Learned of witness, under oath, of Litsky direct witness of Learned, worked 2.5 days so they can do did fraud act, and Ms. Moore was acting cross to Learned, and yours did crime acts, and Jdg. Wiseman upset yours actions, asks Ms. Moore are you helps Def. $126K allow.

3-79. Pl. is yours amount to pay 1.7M today, or EJ will of yours actions are Mr Mazer & Ms. Moore to Jail, 6Mos.

3-80. Damages more Exh.'sA-0, A, A-1, A-2, B, C, C-1, D, D-1, E, & **(C, D, D-1** 66Pgs) C Doc's D's sum Exh.'s

3-81. Damages of Mike Fuller P.O.A. is in supports of EJ finds truth of Pl. files, against VPL et al did bad acts to

3-82.VPL et al W/H Info+ Doc.'s, of he as was VPL deny him in Trial, till day 5, of 2 hours of last witness into entire Trial. VPL Firm submits Jury $126K costs, other from Judge to Jury, cause VPL firm state Judge was the worst trial Judge in life, and VPL Firm never speaks write of Learned exists. Has more writes, but fraud VPL did.

WHEREFORE, Plaintiff requests judgment for damages against defendant herein, with said damaged being within the jurisdiction of the Court as well as reasonable costs and expenses of this action and any other relief that this Honorable Court deems just and proper.

## Count II

## ACTION FOR UNJUST ENRICHMENT

83. Plaintiff repeats and re-alleges the general allegations set forth in paragraphs -Pl. repeats and re-alleges the general allegations set forth in 9 sentence/paras not used No. used (–) on Pg. 1 Filed. Plus 1-40 General acts, Plus does 41-82 Facts of only Contingency Agreement ruin EJ for life medical and steeled fees EJ of, to Bankruptcy.

84. On or about September 13, 2007, plaintiff signed a contract with the defendant herein that provided for an "Contingency Fee Recovery" in a claim against St. Paul Fire & Marine Ins. Co. (see attach: Exhibit A" vs TRV).

85. Said contingent fee agreement only provided for a fee of forty percent if the matter was settled or tried after defendant file an appearance of frauds, crimes acts.

86. Plaintiff ONLY entered into the contract with defendant based upon representations made by defendant that the fee charged in this matter was a maximum of forty percent.

87. Plaintiff, in entering into this contract with defendant, ONLY conferred a benefit upon defendant, whereupon defendant, W/H never did truth of $126K costs would receive a fee of forty percent of the recovery made if this matter settled after defendant entered its appearance or tried the case against St. Paul Fire + Marine Ins. Co./TRV

88. The contract agreed upon by the parties provided that plaintiff was to know the exact amount that he would receive prior to making any decision on settlement. Said contract stated that plaintiff was to be fraud, W/H provided with the specific allocation of any proposed settlement prior to deciding whether to settler.

89. Plaintiff was to be provided, pursuant to the terms and conditions of said contract, an exact account of the finances with respect to the settlement against St Paul Fire and Marine Ins. Co., or including any costs and expenses paid by either himself or the defendant.

90. When the matter was subsequently settled on May 20, 2010 for the sum of $1,650,000.00 defendant received $1,334,000.00 of the gross proceeds pursuant to a closing statement signed on May 21 2010. (see attached "Exhibit D").

91.Said closing statement did not specifically provide an exact accounting of all finances to plaintiff, including an exact allocation of any costs and expenses incurred by plaintiff and the defendant, in breach of the contract between the parties.

92. Defendant has received the benefit of said $1,334,000.00 despite the fact that the contract entered into between the parties provided for a maximum fee of forty percent.

93. The circumstances are such that it would be inequitable for the Defendant to retain the benefit it has received for the disbursement proceeds in the matter against St. Paul Fire and Marine Insurance Company.

WHERFORE, Plaintiff requests judgment for damages against defendant herein, with said damages being within the jurisdiction of the Court as well as reasonable costs and expense of this action and any other relief that this Honorable Court deems just and proper.

## COUNT III

## NEGLIGENCE, AND FRAUD, CRIMES, SERIOUS LEGAL MALPRACTICE

94. Plaintiff repeats and re-alleges the general allegations set forth in paragraphs 1-4 of this complaint.

95. On or about September 13, 2007, plaintiff and defendant signed a contract that provided for a "contingency Fee Recover" in a claim against St Paul Fire and Marine Ins. Co. Named **St Paul Ins.** (see attached "Exhibit A").

95A. On this Contingency Agreement sent Sept 7, 2007, came with 2 Agreements, is in smallest Font, for me to read, is, Mike Fuller took investigates, and agreed, he signed 9/13/07, and Mike knew Bad Faith + Umpire costs.

95b. From Ed Jablonski was convinces agreed, because Jason Mazer, Meghan Moore, Kathleen Shaw told meets, emails, phones, to Mr. Jablonski was is ONLY the C.A. Under Oath, Promises, Guarantee, Truth's, etc. of 99%

96. Pursuant to the terms and conditions of this contract, Pl. EJ employed defendant to represent said plaintiff in an action for the recovery of damages against St Paul Ins,, & Doc.'s verified VPL Firm did fraud not for of boat

97. According to the terms and conditions of the contract entered into between plaintiff and defendant, the representation was for a claim for damaged incurred by plaintiff resulting from the failure of St. Paul Ins. to honor its obligations to plaintiff herein pursuant to a marine policy in connection hurricane damage to plaintiff's boat on or about August 13, 2004.

98. The agreement between plaintiff and defendant herein contemplated a fee agreement for the coverage and bad faith causes of action.

98A.VPL Firm Attn.'s was worry mid 2008 starts big firm liars, no true then Judge disliked VPL Firm, fraud acts to crimes against Client EJ plus M. Fuller P.O.A. withheld ruin EJ's life, plus MF upset of not did in Trial in fraud

98B. Of every Trial days, VPL Firm didn't get further wit. adds, deny EJ into Trial, deny C Stephens, Mason did not work truth, fraud crimes to best Witness Umpire Defreitas states $633K costs fix boat, Mr. Mazer s/b into Jail

98C. Same actions of Ms. Moore is in Jail of she allows Surveyor Learned costs 126K costs, they did crime, both done, EJ, M. Fuller, Penny not of legal matters) never ever heard this person Learned exists, & Mazer + Moore never told us this person exists within of crimes. Over Trial EJ asks his Attn's how the Jury voted $126K cost came from, they said it was per the Judge, felt that amount and every time said we have C.A. don't worry of costs

99. Said contingent fee agreement provided for a fee to defendant of forty percent if the matter was settled or tried after the defendant filed an appearance.

100. The contract also provided that the plaintiff was to know the exact amount that he would receive prior to making any decision based on settlement.

101. Said contract further provided that plaintiff was to be provided with a specific allocation of any proposed settlement prior to deciding where to settle.

102. Plaintiff was to e provided, pursuant to the terms and conditions of said contract, an exact accounting of the finances with respect to the matter against St. Paul Fire and Marine Insurance Company, including any costs and expenses paid either by himself or the defendant.

103. Upon commencement of the action against St. Paul Fire and Marine Insurance Company, defendant accepted a reasonable duty to plaintiff herein to diligently pursue the action against St. Paul Fire and Marine Insurance Company.

104. After the action was commenced, defendant allegedly incurred considerable costs and expenses in pursuance of the action.

105. Prior to the jury trial in the matter, defendant failed to properly assess all of the damages to Plaintiff's boat and other losses, sustained by plaintiff.

106. Prior to the jury trail in the matter against St. Paul Ins., defendant herein failed to properly secure and prepare expert witness who were to testify on Plaintiffs behalf.

107. The matter subsequently came before the United States District Court The Middle District of Florida for a trail by jury.

108. During said trail defendant failed to present all of the evidence of Plaintiff's damages through lay and expert testimony and for which Plaintiff contracted with defendant to recover on his behalf, including a full and accurate assessment of all property damages suffered by Plaintiff and all consequential damages incurred.

109. Following a trial by jury, a Third Amended Final Judgment was entered, a copy of which is attached hereto, and Marked as "Exhibit B." and Pl. EJ sent Info + Photos to Judge Trial & Clerk review it, & VPL never add fees

110. Following said jury trial and the entry of said judgment, the matter was settled by way of a "Mutual Release and Settlement Agreement." (see attached Exhibit C) under stress 10 days sign, (see attach C-1, and more exhibits)

111. Pursuant to the terms and conditions of said settlement, the gross settlement proceeds were $1,650,000.00.

112. Plaintiff signed the settlement agreement on May 20, 2010. Closes C.A. 99% 1300 days May 10, $326K EJ

113. Plaintiff was provided with a closing statement which he signed on May 21,2010 (see attached "Exhibit D").

114. Plaintiff received $316K from the gross proceeds settlement of $1,650M. VPL Firm maintain 1.334M

115. At the commence of its representation, Defendant drafted and presented to plaintiff a retainer agreement that provided for a forty percent contingent fee.

116. Defendant failed to comply with the fort percent contingency agreement.

117. Defendant drafted a confusing, and complex contingency fee agreement in which the fee arrangement was not fully and properly explained to plaintiff, and now buys Doc.s verified they did frauds and crime steeled fees.

118. The actual judgment in the case was not enforced as defendant settled the case subsequent thereto.

119. Accordingly, those provisions of the contract between plaintiff and defendant regarding a forty percent fee recovery should have governed the disbursement settlement proceeds.

120. Defendant was negligent in not fully disclosing and explaining the fee agreement to plaintiff and for incorporating contradictory and confusing contingency fee provisions with statutory fee provisions in said agreement.

121. Defendant was negligent in failing to provide plaintiff a complete and full disclosure of the allocation of all costs and expenses as was provided for in the agreement of the parties adds much more $1.695M, lost almot 4.0M to be close bankrupted, and killed me for life medical disabled

122. As a result, plaintiff was not fully informed prior to making a decision on settlement.

123. The negligence of the defendant in its representation of plaintiff as specified herein caused significant financial loss to plaintiff.

WHEREFORE< Plaintiff requests judgment for damages against defendant herein, with said damages being within the jurisdiction of the Court as well as reasonable costs and expenses of this action and any other relief that this Honorable Court deems just and proper.

COUNT IV

ACTION OF FRAUD DAMAGES DISABLED MEDICALLY FOR LIFE

124. In Disabled for life, it starts of me starts, me torn out right shoulder 11/2005, remove Mast Deck fittings, and me work on Boat 2 years by Travelers denied Ins. until me signs and me denied.

125. Of all employees, owner Mast Rigging Services, Salt Creek, none known on that biggest mast, above how to removes, and here EJ he had redo 1/2010, reinstall Mast Deck fittings did before 11/2005, and torn off Left Shoulder, and it verified Hurricane damaged interior Mast Deck fittings.

126. (EJ), is disabled for life me fallen into spasm, by raising Big old TV, up on 5'6" shelf with me spasm falling down on back, with TV landing right about left leg. In broken even worse me climbing up ladder ran in top ladder me getting on 2nd floor for city inspector, me had spasm fell down 8' with ladder on top Torn up many roof tiles, and again calling Fire Station +Ambulance.

127. In Summary both Shoulders gone, left leg 99% gone, to Neck, Back spine, hip. All damaged out of alignment's, hernia damage me fell, that fixes, has shaken in both hands, dizzy acts, many spasms daily, and by doctors, ran into #3 of #4 Prostrate raised in 6mos 11/2010 close stress to seizure on 5/10, me settles 326K to reduced 316K, they kept $1.334M total $1.650 and signed 5/20 or lowers 50K crime

127A. Plaintiff asks relief to be allowed damages, since VPL Firm did not care client prior EJ was works on Sailboat, and wants settlement at 100% 565-575 From St Paul and Travelers Claim award June to August, 2007, and Officers Denied it, and VPL Firm was pushing EJ hiring them Contingency Agreement Kids Attn.s sellings.

COUNT V

ACTION OF NEGLIGENCE DONE FALSE ACTS, BEEN FRAUD + CRIME SPEAKS WITHIN DOC.'S

128. DONE 7 SUITS NEVER DID TRUTH, ME N/A IN TRIAL; Verified Doc's within facts are filed Exhibits filed 2014-2015 regards VPL Firm, and 6 suits filed 5/20/15 with notes, and has much more limit read

COUNT VI

ACTIONS FOR NEGLIGENCE OF RULES OF TORT'S

129. AGAINST ME NOT MORE; Verified Doc's Exhibits filed is per Plaintiff read so many actions did same against me, lying's, cheats Ins, damaged prior, EJ delay boat in yard Schedule, rotted boat before and numerous torts, and My Attorneys of VPL Firm did not support to client, they all used thinks had money, had stroke, but my Brain is more knowledge experiences then most in Trial, and EJ not me in Trial by VPL, and if would never happen, of ruined the entire Mistrial & Jury.

129A. Plaintiff EJ request significant awarded per Judges/Trial, of VPL Ruin EJ life of 10 years of releif

COUNT VII

ACTIONS OF JURY VERDICT VOIDED $126K

130. 1COSTS TO FINISH BOAT, MUST OF SURVEYOR R. LEARNED DID FRAUD-CRIME PER EXPERTS STATES; Verified Verdict Voided Per Judge Wiseman, stated me 3/30/2015, Voided US Court Appeal denied by Wiseman, but not by Learned reports adds 6/2/2014 and My Attn.'s allow $126K to Judge

COUNT VIII

ACTION OF E. J. JABLONSKI FILED U.S. COURT APPEAL TO MISTRIAL AND JURY VERDICT VOID

VERIFIED 7 SUITS NEVER NOT DID BY OF TRUTH; Verified Exhibits filed within Doc's, to all lied under truth, nobody's revealed any filings did submits, me asks.

131. FRAUD ACTS DID NOT BOAT COST'S & ME PAID CASH MORE INS. $565K, NEEDS $650,000 TO REPLACED; Verified Exhibits filed, per recent surveyors, marinas, against Schmahl & Learned did minimum illegal, to fraud, to crime, done denied Surveyor Services allowed done in USA, will be acted

PLAINTIFF WANTS TO ADD FILED PAGES 16-23, filed 7/22/16 BUT IS DOC'S VERIFED READS

B. What date and approximate time did the events giving rise to your claim(s) occur?

133. All revealed within Docs revealed Exhibits10/1/2014 to 5/5/2015

C. What are the facts underlying your claims(s)?

134. Plaintiff has all organized verified all attorneys lied, fraud to crime, never truth within trial, S/B Bar dismissed

135. Plaintiff (EJ) is 100% Disabled, know Social Security papers helping way, but stop has not paid 10 yrs. in SS

136. (EJ) works boat, torn Right Shoulder, starts 11/2005, Travelers withheld cash 2 years until portion Umpired than Fraud, Bad Faith, Stealing Ins. covers many per Attorney Pope, meeting April stated Travelers did bad acts.

Please refer to Paragraphs 60's, herein has verified, Traveler TRV killed me for Life, 100% Disabled in future, and yours Matthew Schmahl did fraud to crimes, done to me had stroke, and your reports (EJ) has 30 witnesses against me your future will be minimum denied workings on boats in USA, Verified, & lied in Trial.

V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

137. Defendants Mr. Mazer, Ms. Meghan, Mr. Lumpkin, Mr. Ver Ploeg, Ver Ploeg & Lumpkin P.A. as **VPL etal** will be 3@ $565K ='S $1.695M EJ's him submits. OF all, INFO BY TRV's covers, 8/2007 3@$575 ='s $1.725M

138. Defendants per writes past 3 years, they started crimes, starts found out 7/19/13 found out Surveyor Learned began, and VPL et al withheld all information till me purchased Doc's starts Jan/Feb, 2014 and Travelers withheld me to read 6/14, plus VPL et al, plus 2 trips office bldg. vacant since 3/31/2014, and still is vacant me works heres

139. Plaintiff wants same counts higher earns much more in relief and will fix unless EJ want paid settle TODAY

140. Plaintiff EJ has submitted Exhibits organized submits next adds.

VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11

A. For Parties Without an Attorney, but Plaintiff hired Attorney reviewed, helps me awarded

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/11/2017

Signature of Plaintiff [signature]

Printed Name of Plaintiff Edward J. Jablonski

Plaintiff Asks Judges Motion Awards Amended Complaint to Motion filed into further case.

SUBMITTED PLAINTIFF
Edward J Jablonski
2886 Coral way,
Punta Gorda, FL 33950
Phone + Fax 941-505-1155
Accountant (Consulted Attorney)

Dated 2/11/2017

Edward J. Jablonski

The PLAINTIFF (EJ) I will submit this filing directly to the US District Court at,

MIDDLE DISTRICT OF FLORIDA
OFFICE OF THE CLERK
Probably Room 2-194 or actual room
To US Courthouse & Federal Building
2110 First Street
Fort Myers, FL 33901

The Plaintiff (EJ) is filing email, for additional time Filed

Ver Ploeg & Lumpkin, P.A. Firm.
Miami Tower, 100 Southeast Second Street, 30th Floor
Miami, Florida, 33131-2158
Tele-305-577-3996; Fax-305-577-3558

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

# ATTACHMENT(S)

# NOT

# SCANNED

__ Exceeds scanner's page limits
__ Physical exhibit prevents scanning
X Other: Exhibits

****PLEASE REFER TO COURT FILE****