UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.                                                             Case No: 2:17-cv-107-FtM-38CM

JASON S. MAZER, MEGHAN C.
MOORE, R. HUGH LUMPKIN,
BRENTON N. VER PLOEG and VER
PLOEG & LUMPKIN, P.A.,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on review of *pro se* Plaintiff Edward J. Jablonski's amended Complaint filed on June 12, 2017. (Doc. 40). In February 2017, Jablonski filed a Complaint for breach of contract, unjust enrichment, negligence, fraud, and legal malpractice. (Doc. 1). Although Jablonski asserted diversity jurisdiction as the basis for this Court's subject matter jurisdiction, he failed to establish a complete diversity of citizenship between himself and each of the named defendants. *See* 28 U.S.C. § 1332(a) (providing federal courts with original jurisdiction over all civil actions where the parties are citizens of different States *and* the amount in controversy exceeds $75,000).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Consequently, the Court directed Jablonski to show cause why this case should not be dismissed for lack of jurisdiction. (Doc. 5). His response, however, did not cure the deficiency. (Doc. 21). The Court, therefore, dismissed the case for lack of subject matter jurisdiction. But, given his *pro se* status, the Court provided him one more opportunity to state the presence of subject matter jurisdiction over this suit.

After careful review of the amended Complaint, the Court finds that it still lacks subject matter jurisdiction. Jablonski continues to assert state law claims for negligence, fraud, and breach of contract against Defendants, many of whom he acknowledges as being Florida-based attorneys. Because Jablonski has not shown that the parties in this action are diverse, the Court lacks subject matter jurisdiction to hear this suit. This case is better suited for state court.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 40) is **DISMISSED** for lack of subject matter jurisdiction.
2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of June 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record